UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21109-CIV-SINGHAL

ALEXIS RODRIGUEZ-BARIO,

       Petitioner,

v.

WARDEN, Krome Service Processing Center,
U.S. Immigration and Customs Enforcement,

       Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petitioner for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "**Petition**").  (DE [1]).  Petitioner is an alien detained by Immigration and Customs Enforcement.  (DE [1] at 1).  While the Court is sympathetic to Petitioner, his Petition is unfortunately difficult to understand because it does not well describe the circumstances of his confinement, the relief he seeks, or the legal arguments supporting same.  *See generally* (DE [1]).  For example, Petitioner cites various constitutional provisions, statutes, and cases for various propositions, but does not explain how those provisions and cases apply to him.  *See* (DE [1] at 6–7).  Lack of clarity notwithstanding, the Court discerns the following argument: Because Petitioner is not a flight risk, a danger to the community, or likely to be determined removable, his detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other things.  *See* (DE [1] at 6).  Petitioner asks for release on bond and a temporary restraining order against the Department of Homeland Security, although he does not explain what restraint this Court should impose.  *See* (DE [1] at 7).  For the reasons stated below, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner is correct that *Zadvydas* stands for the proposition that the Fifth Amendment prohibits the government from indefinitely detaining aliens who appear to not be removable. *See Zadvydas*, 533 U.S. at 690–96. It also discusses the government's legitimate interests in combating flight risk and community danger, but does not limit the government's legitimate interests to those objectives. *See id.* at 690. And, as this Court has recently noted, the Supreme Court's subsequent decision in *Demore v. Kim*, 538 U.S. 510 (2003), indicates that alien detainees are not entitled to individualized bond hearings to determine flight risk, at least for the first six months pending removal. *See Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12, 2026); *Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026).

Critically, Petitioner has failed to set forth a factual basis that could support a finding that he is not a flight risk, a danger to the community, has been detained so long that principles of due process require he be entitled to a bond hearing, or that he is not likely removable. Without a factual basis, the Court is constrained to deny Petitioner

relief.  Consequently, while the Court must deny the Petition, it does so without prejudice so that Petitioner may attempt to make the necessary factual showing and/or clarify his arguments in an amended petition.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**.  Should Petitioner wish to file an amended petition, he must do so by **March 6, 2026**.  Otherwise, the Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF

3